Board of Education of Earlville Community High School District No. 380, LaSalle County, Illinois, Appellee, v. Board of Education of Non-High School District of LaSalle County, Illinois, Appellant.

Gen. No. 8,191.

Opinion filed May 13, 1930.

HIBBS & POOL, for appellant.

WILEY & WILEY, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by appellee against appellant in the circuit court of LaSalle county, to recover the balance alleged to be due from appellant for the years 1925–1926 and 1926–1927 for the attendance of non-high school district pupils at the Earlville community high school.

The declaration consisted of the common counts, to which appellant filed a plea of the general issue, accompanied by a stipulation that all proper defenses might be made under the same, as though specially pleaded. A jury was waived and a trial was had, resulting in a finding and judgment against appellant

for the sum of $1,158.70. To reverse said judgment, this appeal is prosecuted.

The bill of particulars sets forth the items on which appellee's claim is based, and concludes as follows:

"Total expenditures for school year 1925–1926      $14,405.00

Average number of pupils, including tuition pupils      115

Per capita cost      $125.26

Total tuition for the twelve students from the non-high school territory of LaSalle County, Illinois, who attended the plaintiff's high school during the year 1925–1926 (does not exceed per capita cost)      $1,336.10

Amount received June 20, 1926, from the Non-High School Board of Education      $1,173.00

Unpaid balance due for school year 1925–1926      $163.10

Total expenditures for school year 1926–1927      $23,079.00

Average number of pupils, including tuition pupils      110

Per capita cost      $209.80

Total tuition for the thirteen students from the non-high school territory of La-Salle county, Illinois, who attended the plaintiff's high school during the year 1926–1927 (does not exceed per capita cost)      $2,727.40

Amount received June 7, 1927, from Non-High School Board of Education      $1,430.00

Unpaid balance due for school year 1926–1927      $1,297.40"

It is first contended by appellant that the court erred in allowing the items for "Textbooks, stationery and supplies," amounting to $1,149 for 1925–1926 and

$1,193 for 1926–1927; that these items were not properly included in the statement of total expenditures, for the reason that their usable value would extend beyond one year. While certain of said items have a usable value beyond the period of one year, the testimony tends to show that the expenditure therefor is of annual occurrence; that the amount so expended does not vary materially, and that such purchases are, in effect, in the nature of replacements. We are of the opinion that the court did not err in this ruling.

The item of $2,194.69 for "Movable equipment and apparatus not fastened to building," in the statement for 1926–1927, was also objected to. The court held the objection well taken as to the cost of said articles, which were, for the most part, of a permanent character, but held that, as certain of said articles would have to be renewed from time to time, appellee was entitled to an allowance for depreciation, and reduced this item to $642.13. This ruling was warranted by the evidence.

It is next contended that the court erred in its ruling on the amount allowed for premiums on insurance. Appellee had insured its property for five years, at a cost of four times the annual premium. There is a conflict in the evidence as to whether the amount paid was $1,330 or $1,236.31. It is insisted by counsel for appellant that there should only be included in said statement one-fifth of $1,236.31, while appellee insists that appellant should be charged the annual premium rate. The court allowed $336.31. We hold that the amount properly to be included in this item would be the annual premium. If figured on the basis of $1,330, said amount should have been $332.50, or, on the basis of $1,236.31, it would be $309.08. However, as appellants only pay about one-tenth of said item, the difference is so slight that the discrepancy should be disregarded, and the holding of the court sustained.

Lastly, it is contended that the court erred in holding that the item of $3,500 for ''Depreciation and use of school building,'' was properly included in said statement.

The testimony discloses that, in making up this item, appellee estimated the value of the building and permanent fixtures at $70,000. On this sum, depreciation was figured at 2½ per cent, and use of building at 2½ per cent, a total for the two items of 5 per cent, resulting in said item of $3,500.

Counsel for appellant concedes that appellee is entitled to an allowance for depreciation, but insists that the rate is too high. The entire charge for use of the building is objected to. Counsel for appellant concedes that if appellee did not own its building, but paid rent therefor, such charge would be proper, but contends that, to allow for use of building owned by appellee, would enable it to profit by its investment, and that such was not the intention of the statute. Counsel for appellee insists that appellant's construction of the statute is strained; that the intendment thereof warrants a charge for use of buildings owned by a high school district, in making up the amount to be charged to pupils from other districts.

The only case in which the Supreme Court has discussed this question is *People v. Chicago & N. W. R. Co.*, 286 Ill. 384. At page 395, the court says:

''That a reasonable tuition shall be paid for non-high school pupils has been recognized in this State. The right of the legislature to fix such reasonable tuition and the means of its payment, subject to the requirement that the privileges thereunder be extended equally to all children similarly situated, is likewise well established. (*People v. Moore, supra; Cook v. Board of Directors, supra.*) The act providing the tuition in this case meets these requirements. Section 96 of the act provides that the cost of maintenance, upon which the computation of the tuition is based,

shall be 'the total cost of maintaining such high school,' less interest paid on bonded indebtedness. It is evident that the legislature intended by this provision to secure as even a distribution of cost as it is possible to obtain; that the total cost of maintaining such high school should include all expenses incurred by the high school district in maintaining such high school, the rental of any buildings therefor not owned by the high school district, and a reasonable charge for the use and depreciation of buildings owned by the high school district; and that interest paid on bonded indebtedness should be excluded from such computation to avoid duplication, which would necessarily result if interest on bonded indebtedness as well as said use and depreciation was to be charged.''

Counsel for appellant insist that ''use'' and ''depreciation,'' as used by the Supreme Court, are synonymous. An examination of said opinion discloses that the court used said language advisedly. The words ''use'' and ''depreciation,'' as defined in standard dictionaries, have entirely different meanings, and we have no right to hold that the Supreme Court did not take that fact into consideration in its use of said words. This position is supported by the fact that the court used said words conjunctively and not disjunctively, thereby indicating an intention that each should have its own meaning. While the language referred to was not necessary to the determination of the question before the court, it is so clear and explicit as to the proper construction of said statute, that it is our duty to follow the same in determining what should be included in said cost of maintenance. See also *Board of Education v. Board of Education,* 231 Ill. App. 415–417.

As no complaint is made as to the valuation of said building, or that the rate of 2½ per cent is excessive if appellee is entitled to include a charge for use, we hold that the charge was properly allowed by the court.

The only complaint made by appellant as to the charge of depreciation is that appellee, as a basis therefor, estimated the life of its building at 40 years, whereas the testimony of appellant is to the effect that its life should be estimated at 66 years. The evidence in support of the contentions of the respective parties is conflicting, and as we are not able to say that the finding of the court is against the manifest weight of the evidence, we would not be warranted in disturbing the same.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Judgment affirmed.*